UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 22  A 8:00
U.S. DISTRICT COURT
HARTFORD, CT.

IN RE DAVID JUDE PERROTTI         :
_____:
                                  :
CADLEROCK JOINT VENTURE, L.P.     :
and UNITED JOINT VENTURE,         :
A LIMITED PARTNERSHIP,            :
                                  :
Creditors/Plaintiff-Appellants,   :
                                  :
V.                                :   CASE NO. 3:03CV643 (RNC)
                                  :
DAVID JUDE PERROTTI,              :
                                  :
Debtor/Defendant-Appellee.        :

## RULING AND ORDER

This is the second appeal from a decision of the Bankruptcy Court (Dabrowski, Chief Judge), granting a discharge to the debtor, David J. Perrotti, over the objection of two creditors, Cadlerock Joint Venture, L.P. and United Joint Venture, L.P. ("the creditors"), who contend that Perrotti is guilty of defrauding them.[1] The previous appeal, familiarity with which is assumed, resulted in a remand for clarification of Chief Judge Dabrowski's assessment of the credibility of the testimony of Perrotti's spouse, Patricia. In keeping with the narrow scope of the remand, Chief Judge Dabrowski issued a memorandum stating explicitly that he finds Patricia's testimony credible in all material respects. On this appeal, the creditors renew their argument that Perrotti's denials of fraudulent intent must be

---

[1] This appeal was transferred to me from Judge Covello's docket on December 3.

rejected as a matter of law. That argument is not properly before me, as Perrotti correctly points out. With regard to the one issue that is properly before me, the creditors contend that Chief Judge Dabrowski clearly erred in crediting Patricia's testimony. I disagree.

The creditors attack Patricia's testimony that the cash she received from Perrotti during the relevant time period served to reimburse her for his share of their joint living expenses. They contend that her testimony must be rejected because Perrotti listed his parent's address on his 1997 tax return and other documents. Patricia did not testify that Perrotti never used his parent's address; rather, she testified that the two of them lived together "more or less."[2]

The creditors contend that Patricia's testimony concerning the expense-sharing arrangement is contradicted by the amount of Perrotti's net pay. I fail to see a contradiction. Patricia testified that she did not know exactly how much money Perrotti retained from his net pay but assumed it was enough to cover his own living expenses and estimated the amount at $50 or $60 per week. Even assuming Perrotti kept substantially more, it does not necessarily follow that Patricia testified falsely.

Because Patricia's testimony was plausible and not necessarily contradicted by extrinsic evidence, Chief Judge Dabrowski's credibility determination must be sustained. See

---

[2] Creditors' counsel did not ask Patricia what she meant by this. (Ex. 4, pp. 68-69)

2

Anderson v. Bessemer City, 470 U.S. 564, 475 (1985).

Accordingly, the decision of the Bankruptcy Court is hereby affirmed. So ordered.

Dated at Hartford, Connecticut this 20th day of December 2003.

```
                              Robert N. Chatigny
                              United States District Judge
```